**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| U.S. MONEY RESERVE, INC. d/b/a | § | |
| UNITED STATES RARE COIN & | § | |
| BULLION RESERVE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Case No. 1:18-cv-577 |
| | § | |
| ARLENE M. KAGAN, WENDY C. WINER, | § | |
| AND ROBERT S. KAPLAN AS EXECUTORS | § | |
| OF THE ESTATE OF FLORENCE KAPLAN | § | |
| A/K/A FLORIE KAPLAN, DECEASED | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' NOTICE OF REMOVAL

NOW COMES Defendants Arlene M. Kagan, Wendy C. Winer, and Robert S. Kaplan as

Executors of the Estate of Florence Kaplan a/k/a Florie Kaplan, Deceased ("Defendants"), and

pursuant to 28 U.S.C. § 1446(a), file this Notice of Removal of said cause (the "Notice") from

the District Court of Travis County, and in support thereof respectfully show the Court as

follows:

**I.
INTRODUCTION**

1.      On June 5, 2018, Plaintiff U.S. Money Reserve, Inc. d/b/a United States Rare

Coin & Bullion Reserve ("Plaintiff") filed its Original Petition and Application for Declaratory

Relief and Request for Disclosure ("Original Petition") in the 53rd Judicial District of Travis

County, Texas, docketed as Cause No. D-1-GN-002750 ("State Court Action").  Plaintiff has

named Arlene M. Kagan, Wendy C. Winer, and Robert S. Kaplan as Defendants.  Defendants are

named in their representative capacities as Executors of the Estate of Florence Kaplan a/k/a

Florie Kaplan ("the Estate").  A true and correct copy of the Original Petition is attached as **Exhibit A**.

2.      Counsel for Defendants agreed to accept service and were served with Plaintiff's Original Petition on June 14, 2018.  *See* **Exhibit B**.

3.      In the Original Petition, Plaintiff alleges that Florence Kaplan purchased coins from Plaintiff and that each of the purchase transactions was subject to a valid and enforceable arbitration clause.  Plaintiff alleges that Defendants' counsel made demand on behalf of the Estate regarding the coins.   Plaintiff seeks a declaration that the purported arbitration provisions are enforceable against the Estate.

4.      The Original Petition seeks non-monetary relief, monetary relief of "$100,000 or less (less than $75,000)", as well as attorney's fees, pre-judgment interest and post-judgment interest.

## II.

### DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)

5.      This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants and more than $75,000, exclusive of interest and costs, is at stake.

*Diversity of Citizenship*

6.      In the Original Petition, Plaintiff alleges that it is a corporation that engages in business in the State of Texas but does not allege its citizenship.  According to public records, Plaintiff is a Delaware corporation with its principal place of business in Austin, Texas.  *See* **Exhibit C**. Therefore, it is considered a citizen of the State of Texas and the State of Delaware for purposes of diversity of citizenship.  28 U.S.C. § 1332(c)(1).

7.      Florence Kaplan a/k/a Florie Kaplan ("Kaplan") passed away on December 4, 2017 in Roslyn, New York.  *See* **Exhibit D**.  At the time of her death, Kaplan's domicile was in Nassau County, New York and she was a citizen of the State of New York.  *Id.*   Probate proceedings were commenced in the State of New York on or about January 13, 2018, naming Defendants as executors of the Estate.  *Id.*

8.      On or about January 30, 2018, the Surrogate's Court of the County of Nassau issued Letters Testamentary appointing Defendants, Kaplan's living adult children, as fiduciaries of her Estate.  *See* **Exhibit E**.

9.      Defendants, having been named as legal representatives of the Estate, are deemed citizens of New York as a matter of law, that being the state of their mother's citizenship at the time of her death.  28 U.S.C. § 1332(c)(2).

10.      Therefore, there is complete diversity between Plaintiff and Defendants in this action.

*Amount in Controversy*

11.      Further, although Plaintiff purports to stipulate to monetary relief in an amount less than $75,000, a preponderance of the evidence clearly demonstrates that the amount in controversy exceeds $75,000.  *See generally De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir. 1993).

12.      In the Original Petition, Plaintiff seeks a declaration regarding the arbitrability of the Estate's claims regarding Kaplan's purchase of coins from Plaintiff.  "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortg., L.L.C.,* 737 F.3d 338, 341 (5th Cir. 2013) (citing *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347, 97 S.Ct.

2434, 53 L.Ed.2d 383 (1977)).  *See also Leininger v. Leininger,* 705 F.2d 727, 729 (5th Cir. 1983) ("the amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented.").

13.     The object of this litigation is the coins purchased by Kaplan and counsel's demand regarding the money spent on those coins.  The value of the coins purchased by Kaplan from April 2017 until her death in December 2017, as evidenced by Plaintiff's own records, and the amount for which pre-suit demand was made on behalf of the Estate exceeds $250,000 and is well above the jurisdictional threshold.  *See* **Exhibit F**.

14.     The amount in controversy, exclusive of interest or costs, exceeds the sum or value of $75,000.  28 U.S.C. § 1332(a).

### III.

### ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET

15.     All Defendants who have been served join in and consent to this removal in accordance with 28 U.S.C. § 1446(b).

16.     Pursuant to 28 U.S.C. §§ 1446(a),1447(b), and 1449, a copy of all process, pleadings and orders from the State Court Action which have been served on Defendants and are known to be part of the record in the State Court Action are attached to this Notice as **Exhibit G**.

17.     No jury demand was made in the State Court Action.

18.     This Notice is timely filed pursuant to 28 U.S.C. § 1446(b).  Defendants file this Notice within 30 days of receipt of Plaintiff's Original Petition, which was served on counsel by agreement on June 14, 2018.  *See* **Exhibit B**.

19.     Upon filing this Notice, Defendants will provide written notification to Plaintiff and will file a copy of this Notice with the District Clerk for the 53rd Judicial District Court in Travis County, Texas.

20.     Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a), because the state court where the action has been pending (53rd Judicial District Court, Travis County, Texas) is located in this District and division.

## IV.
### CONCLUSION

By this Notice, Defendants do not waive any objections they may have as to service, jurisdiction or venue, or any other defenses or objections they may have to this action. Defendants intend no admission of fact, law or liability by this Notice, and expressly reserve all defenses, motions and/or pleas.

Dated: July 11, 2018                          Respectfully submitted,

**STECKLER GRESHAM COCHRAN PLLC**


*/s/ Bruce Steckler*
Bruce Steckler
Texas Bar No. 00785039
L. Kirstine Rogers
Texas Bar No. 24033009
12720 Hillcrest Rd. Suite 1045
Dallas, Texas 75230
P: 972-387-4040
F: 972-387-4041
bruce@stecklerlaw.com
krogers@stecklerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Notice of Removal, and all attachments thereto, have been served on the following counsel of record in compliance with Federal Rule of Civil Procedure 5(b)(2) on this 11th day of July, 2018.

Chris Portner
J. Trenton Bond
PORTNER ♦ BOND, PLLC
1905 Calder Ave
Beaumont, Texas 77701
cportner@portnerbond.com
tbond@portnerbond.com

*/s/ Bruce Steckler*
Bruce Steckler